Case 4:17-cv-02727 Document 1-1 Filed in TXSD on 09/11/17 Page 1 of 8

8/14/2017 1:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 18821990
By: Lewis John-Miller
Filed: 8/14/2017 1:37 PM

2017-54046 / Court: 152

NO. _____

| | | |
|---|---|---|
| **J. DOUGLAS SUTTER** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | |
| | § | **\_\_\_ JUDICIAL DISTRICT COURT** |
| | § | |
| **SAFECO INSURANCE COMPANY** | § | **HARRIS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, J. Douglas Sutter (hereinafter referred to as "Plaintiff" or "Sutter") in the above entitled and numbered cause, complaining of **SAFECO INSURANCE COMPANY** and would show the following:

### PARTIES

1. Plaintiff, J. Douglas Sutter ("Plaintiff" or "Sutter") is an individual residing in Harris County, Texas.

2. Defendant, Safeco Insurance Company ("Safeco or "Defendant"") is a private insurance company authorized to do business in and was, at all times material hereto, doing business in Harris County, Texas. Safeco may be served with process by serving to its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

### DISCOVERY TRACK

3. Pursuant to TEX. R. CIV. P. 190.1, discovery in this action will be conducted under Discovery Control Plan Level 3.

### JURISDICTION/VENUE

4. The amount in controversy is in excess of the minimal jurisdictional limits of this Court. Venue is proper in Harris County, Texas pursuant to § 15.002(a)(1), Tex. Civ. Prac. &

**EXHIBIT A**

Rem. Code because Harris County is the County in which all or a substantial part of the contractual matters giving rise to these claims occurred.

## FACTS

5. Sutter maintaines a residential homeowner's insurance policy with Safeco. When the roof located on his residence at 445 River Springs Dr. was damaged, Sutter made a claim to Safeco, numbered 9988 1992 6038. Safeco received the claim, accepted the claim and provided coverage for the repair of the roof.

6. Safeco initially approved the repairs to the referenced residence located at 445 River Springs Dr., on July 2, 2016. The deductible of $5,900 was fully paid. Thereafter, Sutter obtained several estimates from roofing contractors in the area. Ultimately, the estimate from AMC TXCI was approved by Safeco. Thereafter, work began. During the construction work in September, 2016, the contractor uncovered damage to the underlying deck and rafters. These upgrades were approved and supplemented in the claim by Safeco. Furthermore, Safeco approved the replacement of the area wherein the underlying deck and rafters were damaged. Thereafter, additional, identical damages to the decking and rafters were discovered in other areas of the roof. Instead of immediately approving the work order as it previously had, Safeco balked and did not approve this additional work. The identical type of work on other areas of the roof had been previously approved by Safeco in all respects. After weeks of waiting for a response, the contractor had no choice but to seal the roof due to the fall rains that were being experienced and to avoid any additional damages to the insured house as instructed by Safeco in the policy. For example, on December 23, 2016, it was subsequently confirmed in writing that the roof had been left open and was not sealed during rainy weather so that the contractor had to seal the roof awaiting the approval of the additional deck and rafter work even though the identical work had been previously approved by Safeco on another area

of the roof. By October 26, 2016, the final work was completed with the underlying deck and rafter damage intact and covered with roofing materials.

7. Finally, in the latter part of October, 2016, Safeco agreed to perform the additional work; however, it believed that the proposal provided for same by AMC TXCI was excessive. Safeco would not locate another contractor for a new estimate. Therefore, Sutter was required to interview additional contractors and to obtain other estimates for Safeco to review and approve.

8. In the latter part of December, 2016, Sutter found Beldon Roofing Company ("Beldon") in San Antonio, which agreed to provide a proposal. On January 12, 2017, the list of additional repairs that had previously been approved by Safeco was provided to Beldon. On February 18, 2017, after an extensive on-site investigation, Beldon provided its proposal which was immediately forwarded to Safeco. By March 20, 2017, the proposal still had not been approved so that Sutter could get on Beldon's waiting list for the repair work. Again, on March 28, 2017, Sutter wrote to Safeco and asked for approval.

9. Still, again, on March 28, 2017, Sutter advised Safeco that the amount of money Safeco wanted to pay Beldon in response to Beldon's proposal was inadequate and nowhere near the cost of performing the job that Safeco had already approved. Sutter also told Safeco that if it runs off Beldon, then Safeco would have to locate another, reputable contractor to complete the work that it had already approved. Safeco then agreed that it would again look into Beldon's proposal.

10. On April 18, 2017, Safeco communicated directly with Beldon's representative, Albert Peña, and came to an agreement on the amount of money to be paid on the proposal. On May 15, 2017, Mr. Peña revised the estimate per Safeco's request in the form of a Change Order. On May 17, 2017, at 10:27 a.m., Safeco wrote and stated that it is in agreement with the revised estimate. On that same day, Sutter was advised that the contract with the changes would be provided to him. On

3

May 22, 2017, Sutter requested final approval from Safeco that Safeco had accepted all of the roofing repairs and replacement and the amounts solely for its account. On May 30, 2017, at 10:21 a.m., Safeco approved Beldon's proposal and confirmed that Safeco is paying for "ALL of it." Safeco then approved it and Sutter signed the proposal with Beldon. Therefore, agreements exist between (a) Safeco and Sutter, and (b) Sutter and Beldon, the latter agreement being based on Safeco's representations and approval and Sutter's reasonable reliance thereon.

11. On May 31, 2017, at 2:07 p.m., in reliance upon Safeco's representations and agreement that it was to pay "ALL of" Beldon's invoices, Sutter requested that Safeco pay the one-third deposit required by Beldon. On June 1, 2017, Mr. Peña stated that he was surprised that given Safeco's approval of the proposal and confirmation and that all would be paid by Safeco, that Safeco had not yet provided the initial, deposit check.

12. For the first time, on June 2, 2017, Safeco called Sutter and told him that a certain amount of Beldon's bill would have to be paid by Sutter. Sutter again confirmed that Safeco had already approved Beldon's proposal and that the total amount of Beldon's proposal is for Safeco's account. On that same day, Sutter made it clear that the issue of he paying additional money had never been raised with Sutter at any time prior to our June 2, 2017, telephone conversation.

13. Based upon the forgoing, Safeco has breached its agreement with Sutter by not paying the one-third deposit that is due to Beldon and by attempting to take the position that Sutter will have to pay an additional $5,748.61 for the work approved by Safeco.

14. On June 7, 2017, at 3:03 p.m., Sutter advised that this claim "is being reviewed . . . so [Safeco] can make a final determination." However a "final determination" had already been made.

15. Thereafter, Safeco confirmed that it had previously agreed with Sutter to do all of the repairs at issue. Notwithstanding, Safeco has again breached its agreement even though it confirmed

4

the existence of that agreement and has now refused to make the required payments under the policy and as promised in the agreement between the two parties.

## CAUSES OF ACTION/DAMAGES/ATTORNEY'S FEES

16. Paragraphs 1 through 15 are reiterated herein for all intents and purposes as if set forth *verbatim*.

17. The acts and omissions on the part of the Defendant amount to breach of contract, violations of the Texas Deceptive-Trade Practices Acts, §§17.46, *et seq.*, (Tex. Bus. & Comm. Code) ("DTPA") and the applicable provisions of the Texas Insurance Code.

18. Under the DTPA, the following acts and omissions have occurred:

a. failure to disclose information concerning the services and goods provided which were known at the time of the transaction and that such undisclosed information was intended to induce our participation in the transaction which would not have been entered into had the information been disclosed;

b. unconscionable acts and courses of action taking advantage of our lack of knowledge, experience, ability and capacity in the transaction at issue;

c. false, misleading and deceptive business practices;

d. misrepresentation of the quality of goods and services provided;

e. false representations as to the quality and characteristics of the goods and services provided;

f. representations that agreements conferred or involved rights, remedies or obligations that they did not have or involve;

g. misrepresentation of work or services and/or goods provided and/or performed;

h. failure to disclose material facts; and,

i. the use of false, misleading and deceptive acts and practices to induce us to enter the transactions at issue.

5

s/SutterVSafeco

19.     The Plaintiff provided to the Defendant the required sixty (60) day notice period to resolve the claim or to be subject to actual damages, trebled, together with attorney's fees and expenses. The Defendant took no action within the sixty (60) day period available to it.

20.     Pursuant to the DTPA, §§37.001, *et seq*., Tex. Civ. Prac. Rem. Code, the Defendant was also placed on thirty (30) day notice of Sutter's claim for the payment of attorney's fees and expenses. The Defendant did not avail itself of the thirty (30) day period to resolve the case.

21.     As a proximate result of the Defendant's acts and omissions, Plaintiff has been damaged in the amount of at least $20,848.62, trebled to $62,545.86.

22.     Pursuant to §§ 37.001, *et seq.*, Tex. Civ. Prac. & Rem. Code, Sutter is entitled to the award of reasonable and necessary attorney's fees in the amount of at least $15,000.

## CONDITIONS PRECEDENT

23.     Paragraphs 1 through 22 are reiterated herein for all intents and purposes as if set forth *verbatim*.

24.     All conditions precedent to the Plaintiff's right to recover damages and to assert all causes of action noted herein and which the Plaintiff is entitled to bring have been met and fully satisfied.

## REQUEST FOR DISCLOSURE

25.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) - (l).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **J. DOUGLAS SUTTER** prays that upon final hearing hereof that it have judgment of and against Defendant for actual damages for the declaration requested herein, attorney's fees, both pre-judgment and post-judgment interest at the

highest rates allowed by law, taxable costs, and such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

By:   /s/ J. Douglas Sutter
      **J. DOUGLAS SUTTER,** *Pro Se*
      3050 Post Oak Blvd., Suite 200
      Houston, Texas  77056
      (713) 595-6000 - Telephone
      (713) 595-6001 - Facsimile
      E-Mail: dsutter@ksklawyers.com

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in the referenced cause of action. The jury fee is being paid simultaneously with the filing of the Original Petition.

      /s/ J. Douglas Sutter
      **J. DOUGLAS SUTTER**



# Notice of Service of Process

**HZC / ALL**
**Transmittal Number: 17047076**
**Date Processed: 08/22/2017**

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Company |
| **Title of Action:** | J. Douglas Sutter vs. Safeco Insurance Company |
| **Document(s) Type:** | Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 2017-54046 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/22/2017 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | Liberty Mutual on date unknown |
| **How Served:** | Client Direct |
| **Sender Information:** | J. Douglas Sutter<br>713-595-6000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com